UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

MICHAEL McMURTRY,

    Petitioner,

    v.                                        Case No. 15-C-1153

UNITED STATES OF AMERICA,

    Respondent.

ORDER GRANTING MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 AND ADD HALFWAY HOUSE RELEASE CONDITION

Under 28 U.S.C. § 2255, Michael McMurtry moves to vacate, set aside, or correct the sentence imposed in case number 00-CR-161. He has been granted a certificate by the Seventh Circuit to pursue this second or successive § 2255 motion. (Doc. 1, Ex. 1.)

On April 26, 2001, McMurtry was sentenced on one count of possession of a firearm while a felon, contrary to 18 U.S.C. § 922(g). The charge ordinarily would have carried a ten-year statutory maximum sentence. 18 U.S.C. § 924(a)(2). However, under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), the sentence increased to fifteen years to life because the court found that McMurtry had three prior convictions for violent felonies. The ACCA violent-felony predicates were two convictions for armed robbery and one conviction for second-degree recklessly endangering safety. The court imposed a 235-month sentence of imprisonment and five years of supervised release.

According to McMurtry's motion, the reckless-endangerment offense qualified as a violent felony only under ACCA's "residual clause," which covered any crime involving conduct that "otherwise creates a serious potential risk of physical injury to another."

§ 924(e)(2)(B)(ii). However, this past summer, in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court struck down the residual clause as unconstitutionally vague. And in *Price v. United States*, 795 F.3d 731 (7th Cir. 2015), the Seventh Circuit held that *Johnson* applies retroactively to cases on collateral review. Hence, McMurtry moves to vacate his ACCA sentence under *Johnson* and *Price*, asserting that the reckless-endangerment crime no longer qualifies as a violent felony and that his 235-month sentence exceeds the maximum authorized by law.

Counsel for McMurtry represents that the Assistant U.S. Attorney assigned to this case does not oppose the motion, and the court has no reason to disbelieve the representation. McMurtry filed his § 2255 motion on September 24, 2015, and to date the government has not filed any opposition (though under Rule 4 of the Rules Governing § 2255 Motions an answer would not be expected until the court ordered one).

Based on *Johnson*, *Price*, and the record in this case, it appears that McMurtry is entitled to relief and his sentence should be modified from 235 months of incarceration to 120 months of incarceration. And as he has already served more than that time, it appears that he is eligible for immediate release.

McMurtry asks for an additional supervised-release condition of four months in a halfway house to help him reintegrate into society after his fifteen years of incarceration and so he does not end up homeless. The court agrees that McMurtry should be placed in a halfway house reintegration purposes. Counsel for McMurtry notes that the parties disagree on one point regarding this condition: whether McMurtry should begin residing at the halfway house immediately (the government's position) or after seventy-two hours to allow him to visit his family (McMurtry's position). This matter is determined by the

practical reality that beds in halfway houses are in high demand at this time and the court has been informed by the U.S. Probation Office that a bed is available for McMurtry in Milwaukee on Tuesday, October 13, 2015. Depending on when McMurtry is physically released and the travel time to Milwaukee, he may or may not get to visit with family before reporting to the halfway house. But the court expects McMurtry to report to the halfway house as directed by the Bureau of Prisons to take advantage of the one bed available.

The court has reviewed McMurtry's motion and records in this case and agrees that the § 2255 motion should be granted in full. Therefore,

IT IS ORDERED that the § 2255 motion is granted, McMurtry's sentence is modified or corrected such that his 235 months of incarceration is reduced to 120 months of incarceration and an additional condition of supervised release is added requiring up to four months in a halfway house for reintegration into the community. All other provisions of the original judgment shall remain intact.

IT IS FURTHER ORDERED that McMurtry is eligible for immediate release.

IT IS FURTHER ORDERED that McMurtry report to the halfway house in Milwaukee as directed by the Bureau of Prisons or U.S. Probation Office.

Dated at Milwaukee, Wisconsin, this 8th day of October, 2015.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE